UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
UNITED STATES OF AMERICA　　　　:　　　　NOT FOR PUBLICATION
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　　　MEMORANDUM AND ORDER
   - against -　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　　　01-CR-56 (CBA)
　　　　　　　　　　　　　　　　　　:
ENRICO MONTEPERTO,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Defendant.　　　　　　　　:
----------------------------------------------------x
AMON, UNITED STATES DISTRICT JUDGE

　　　　On July 25, 2002, Defendant Enrico Monteperto was sentenced to a term of 60 months incarceration to be followed by a four-year term of supervised release. By letter dated February 12, 2007, the defendant requested early termination from his supervised release. In support of his application for early termination of his four-year term of supervised release, the defendant refers the Court to: his work in the Psychology Department in prison; his mentoring and community service in prison; his completion of the drug program "RDAP" and various self-improvement courses in prison; his recognition by the staff and warden at his prison for his positive contributions; his post-release participation in a number of "Re-entry Summits" for ex-offenders re-entering society; and his personal commitment to achieving positive goals in his life.

　　　　Early discharge from supervised release is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of the sentence. United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). Only "occasionally" is it warranted due to the changed circumstances of the defendant, such as exceptionally good behavior, which renders the previously imposed term "either too harsh or inappropriately tailored to serve" general punishment goals. Id. Accordingly, the United States Attorney's Office opposes early

termination, arguing that while the defendant's achievements are "laudable" they are not "exceptional" as required under Second Circuit precedent for early termination. Similarly, the Probation Department, although noting that the defendant has been fully compliant with the terms and conditions of his supervision and has engaged in "commendable" conduct, opposes early termination.

The Court has reviewed the defendant's application and finds that his circumstances are not exceptional and do not present "new or unforeseen" facts warranting early termination. See United States v. McKay, 352 F.Supp.2d 359, 361 (E.D.N.Y. 2005) (flawless prison record and compliance with the terms of supervision are "commendable" but do not constitute the "exceptional behavior" contemplated to warrant early termination); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (noting that while the defendant's post-arrest conduct appears unblemished "this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule"). Thus, while the Court recognizes the defendant's commendable achievements, the defendant's application for early termination from supervised release is denied.

SO ORDERED

Dated: Brooklyn, New York
March 22, 2007

Carol Bagley Amon
United States District Judge